USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   5/18/2023

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JAIME GLEICHER,

*Plaintiff*,

v.

ROGER S. HABER,

*Defendant*.

No. 22 Civ. 10053 (AT)

**STIPULATION AND**
**[PROPOSED]**
**PROTECTIVE ORDER**

## STIPULATION AND PROTECTIVE ORDER REGARDING DISCOVERY

**WHEREAS**, certain documents and information have been and may be sought, produced, or exhibited by and between the parties to this proceeding ("Proceeding"), which related to sensitive or non-public information which a party may believe to be confidential;

**WHEREAS**, it has been agreed by and among the Parties to the Proceeding, through their respective counsel, that a Stipulated Protective Order ("Protective Order") preserving the confidentiality of certain documents should be entered by the United States District Court for the Southern District of New York; and

**WHEREAS**, the Court has reviewed the terms and conditions of this Protective Order and having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**IT IS HEREBY ORDRED**, that the Parties to this Proceeding, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with

any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1.      This Protective Order shall govern all documents, the information contained therein, and all other information produced or disclosed during the Proceeding, whether revealed in a document, deposition, other testimony, discovery response, or otherwise ("Discovery Material"), by any party in this Proceeding (the "Supplying Party") to any other party (the "Receiving Party"), when the same is designated in accordance with the procedures set forth herein ("Designated Material").

2.      Subpoenaed third parties ("Non-Party") who so elect may avail themselves of this Protective Order if they agree to be bound by its terms and conditions by signing a Non-Disclosure Agreement, in the form annexed hereto, acknowledging that they have read this Protective Order and shall abide by its terms.

3.      Counsel for any party may designate any document or information ("Designating Party"), in whole or in part, as Confidential Information if counsel determines, in good faith, that such designation is necessary to protect sensitive non-public information from disclosure ("Confidential Information").

4.      A Supplying Party or Non-Party shall have the right to designate Discovery Material as "Highly Confidential" that contains personal information, including but not limited to Social Security numbers, home addresses, telephone numbers, tax returns, non-party surnames and medical, investment, credit and banking information of any person, that the Supplying Party, in good faith believes should be protected from disclosure to those not permitted to receive Highly Confidential Information ("Highly Confidential Information").

5.      Where the portion of Discovery Material containing Confidential or Highly Confidential Information is reasonably separable from the non-confidential portion, only the portion constituting Confidential or Highly Confidential Information shall be so designated. Any party that intends to use only non-confidential portions of a document containing Confidential or Highly Confidential Information as part of a motion or at a deposition or trial may request that the Supplying Party or Non-Party provide a redacted version of that document.

6.      A Supplying Party may designate Discovery Material or any portion thereof as Confidential Information by stamping or otherwise clearly marking as "Confidential," the first page of the protected document and each subsequent page thereof containing Confidential Information in a manner that will not interfere with legibility or audibility. When documents and other data are produced in electronic form, the data storage medium should also be marked as containing Confidential Information. Deposition testimony may be designated as Confidential Information either on the record during the deposition or in writing within a reasonable time of receipt of the transcript. If so designated, the cover of the final transcript of the designated testimony and any electronic file should be marked "Confidential," and that transcript shall be bound in a separate volume, the cover of which bears the notation "Confidential Information Governed by Confidentiality Order."

7.      Confidential Information shall be disclosed by the Receiving Party only to the following persons:

        a.      The attorneys, paralegals, and stenographic and clerical employees in the respective law firms or legal departments of the Receiving Party's inside or outside counsel; and the personnel supplied by any independent contractor (including litigation support service personnel) with whom such attorneys work in connection with the Proceeding;

        b.      The parties and officers and employees of the Receiving Party as counsel for that party deems necessary for the sole purpose of assisting in this Proceeding;

      c.     Any outside consultant or expert who is assisting counsel or a party to the Proceeding to whom it is necessary to disclose Confidential Information for the purpose of assisting in or consulting with respect to the preparation of this Proceeding, and the assistants, clerical employees, or staff of such consultant or expert;

      d.     The Court and any members of its staff to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court in this Proceeding;

      e.     Stenographic employees and court reporters recording or transcribing testimony in the Proceeding;

      f.     Witnesses or perceived/anticipated witnesses and their counsel to whom disclosure is reasonably necessary relating and proximate to their testimony or anticipated testimony in this Proceeding; provided, however, that a person identified solely in this paragraph shall not be permitted to retain copies of such Confidential Information;

      g.     Any mediator or arbitrator engaged by the parties to the Proceeding; and

      h.     Any person who authored or previously received the Confidential Information through means other than the discovery process in this Proceeding.

8.     Except with the prior written consent of the Supplying Party or by Order of the Court, Highly Confidential Information shall not be furnished, shown, or disclosed to any person or entity except to those identified in sub-paragraphs 7(a), (c), (d), (e), (g), and (h), as well as to trial or deposition witnesses if that witness sent, received, authored, or viewed the document or information outside the context of this Proceeding.

9.     Persons having knowledge of Confidential or Highly Confidential Information only by virtue of their participation in the conduct of the Proceeding shall use that Confidential or Highly Confidential Information only in connection with the Proceeding or appeal thereof, and shall neither use such Confidential or Highly Confidential Information for any other purpose nor disclose such Confidential or Highly Confidential Information or to any person who is not listed in Paragraphs 7 or 8 of this Protective Order.

10. Counsel for the parties shall take all reasonable and necessary steps to ensure the security of any Confidential or Highly Confidential Information and will limit access to that information to those persons listed in Paragraphs 7 or 8 of this Protective Order.

11. All persons to whom Confidential or Highly Confidential Information is to be disclosed pursuant to Paragraphs 7 or 8 of this Protective Order shall, prior to disclosure, be advised of the contents of this Protective Order and be required to execute a Non-Disclosure Agreement evidencing their agreement to the terms of the Protective Order, in the form annexed hereto. Counsel shall retain each signed Non-Disclosure Agreement and produce it to opposing counsel, upon request, either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the Proceeding, whichever comes first.

12. If Confidential or Highly Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the Supplying Party of all pertinent facts relating to such disclosure and make all reasonable efforts to recover all copies of the Designated Material and prevent further disclosure or dissemination by each unauthorized person who received such Confidential or Highly Confidential Information.

13. Nothing shall prevent disclosure beyond the terms of this Protective Order if the Supplying Party designating the material as Confidential or Highly Confidential Information consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure. Any party may request at any time permission to disclose Confidential or Highly Confidential Information to a person other than those permitted under Paragraphs 7 or 8 or to use such information in a manner prohibited by this Protective Order, by serving a written request upon the Supplying Party. The Supplying Party shall respond within

fourteen (14) calendar days of its receipt of such request. Should the Supplying Party not grant such request, the parties shall follow the procedures set forth in Local Civil Rule 37.2 as modified by Section II.C. of the Individual Practices in Civil Cases of Analisa Torres, United States District Judge, to resolve any dispute.

14.     In the event any person having possession, custody, or control of any Designated Material in this Proceeding receives a subpoena or other process or order to produce such Designated Material, such subpoenaed person or entity shall promptly notify the attorneys of record of the Supplying Party and furnish those attorneys with a copy of said subpoena or other process or order. The person or party receiving the subpoena or other process or order shall not produce the requested Designated Material unless and until a court of competent jurisdiction so directs, except if the Supplying Party (a) consents, or (b) fails to file a motion to quash or fails to notify the person or party in writing of its intention to contest the production of the Designated Material prior to the date designated for production of the subpoenaed information, in which event the person or party may produce on the designated production date, but no earlier. The person or party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the party asserting the confidential treatment is successful in obtaining an order modifying or quashing it. Nothing in this Order shall be construed to require the party to whom the subpoena or other process or order is directed to give written notice where prohibited by law.

15.     Any person who objects to any designation of Confidential or Highly Confidential Information or lack thereof may at any time prior to trial serve upon the Supplying Party and any Non-Party written notice stating the grounds of the objection. The Supplying Party and/or Non-Party shall meet and confer within seven (7) calendar days of such notice. In the absence of an agreement otherwise, the Designated Material will lose its designation or the material will remain

undesignated fourteen (14) calendar days after the written notice of objection, unless any party or Non-Party seeks affirmative relief from the Court, in which case the information will be considered designated until the Court resolves the dispute. The party seeking the designation shall bear the burden of demonstrating the propriety of the designation.

16.     Pursuant to Rule 502 of the Federal Rules of Evidence, if, in connection with this action, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege, attorney work product protection, common-interest privilege, or any other privilege or immunity, a Supplying Party inadvertently discloses information subject to such a claim of privilege, protection, or immunity ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege, protection, or other immunity with respect to the Inadvertently Disclosed Information and its subject matter.

17.     If a Supplying Party makes a claim of inadvertent disclosure, all Receiving Parties shall, within seven (7) calendar days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

18.     Within seven (7) calendar days of the certification that such Inadvertently Disclosed Information has been returned or destroyed, the Supplying Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

19.     If a Receiving Party thereafter moves the Court for an order compelling production of Inadvertently Disclosed Information, the moving party shall seek the Court's permission to file those papers or portions of papers under seal in accordance with Section IV of the Individual Practices in Civil Cases of Analisa Torres, United States District Judge. The Supplying Party

retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Protective Order shall limit the right of any party to request in camera review of Inadvertently Disclosed Information.

20.     If a party seeks to file Confidential or Highly Confidential Information with the Court, or any pleadings, motions or other papers that reveal any information that has been designated as Confidential Information or Highly Confidential Information by any party or Non-Party, the parties shall meet and confer to determine whether the designation no longer is warranted and if no agreement is reached shall seek the Court's permission to file those papers or portions of papers under seal in accordance with the rules and procedures outlined in Section IV of the Individual Practices in Civil Cases of Analisa Torres, United States District Judge.

21.     Upon the conclusion of the Proceeding, including any appeals related thereto, at the written request and option of the Supplying Party, all Designated Material and any and all copies shall be returned or destroyed within sixty (60) calendar days of receipt of the request from the Supplying Party; provided, however, that attorney work product, briefs, and other court papers prepared for use in this Proceeding need not be returned or destroyed, but may be retained only by the parties' counsel and, if so retained, shall continue to be maintained as Confidential in accordance with the provisions of this Protective Order.

22.     The invalidity or unenforceability of any provision of this Protective Order shall not affect the validity or enforceability of any other provision of this Protective Order, which shall remain in full force and effect.

23.     The terms of this Protective Order may be amended or modified by written agreement of the parties or upon motion and order of the Court. During the pendency of this Proceeding only, this Court shall retain jurisdiction over all persons subject to this Protective Order

to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED

Dated:  5/16/2023

MORRISON & FOERSTER LLP

By:  _Cott_

    Carrie H. Cohen
    250 West 55th Street
    New York, New York 10019
    Telephone: (212) 986-6840
    Facsimile: (212) 468-7900
    ccohen@mofo.com

    *Counsel for Roger S. Haber*

SO STIPULATED AND AGREED

Dated: 5/15/23

KAPLAN HECKER & FINK LLP

By:  _/s/ Tali Farhadian Weinstein_

    Tali Farhadian Weinstein
    Roberta A. Kaplan
    Julie E. Fink
    Anne R. Yearwood
    KAPLAN HECKER & FINK LLP
    350 Fifth Avenue, 63rd Floor
    New York, New York 10118
    Tel: (212) 763-0883
    Fax: (212) 564-0883
    tfarhadianweinstein@kaplanhecker.com
    rkaplan@kaplanhecker.com
    jfink@kaplanhecker.com
    ayearwood@kaplanhecker.com

    *Counsel for Jaime Gleicher*

SO ORDERED

Dated:  _May 18, 2023_
New York, New York

    ANALISA TORRES
    United States District Judge